IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY MORRISON<br>6422 Argyle Street<br>Philadelphia, PA 19111<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PHILADELPHIA GAS WORKS<br>800 W. Montgomery Avenue<br>Philadelphia, PA 19122<br><br>　　　　Defendant. | CIVIL ACTION<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Shirley Paige (hereinafter referred to as "Plaintiff" unless otherwise indicated), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*). Plaintiff was unlawfully denied multiple promotions, and she suffered damages more fully described/sought herein.

### II. Jurisdiction and Venue

2. This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

1

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

6. Plaintiff is an adult individual residing at the above-captioned address.

7. Philadelphia Gas Works ("PGW" or "Defendant"), is a municipally owned gas company operating in Pennsylvania with a principal place of business at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV. Factual Background

9. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

10. Plaintiff was hired by Defendant originally in or about December of 2008 as a customer service representative.

11. Plaintiff performed her job well; and as a result, she was promoted to a quality Sr. Quality Assurance, CSD in or about June of 2011.

12. Plaintiff was at all times relevant during her period of employment a full-time employee.

13. During at least the last 5 years of Plaintiff's employment, Plaintiff continually utilized leave under the Family and Medical Leave Act ("FMLA") on an intermittent basis for reasons including but not limited to:

   a) Plaintiff suffered from adenomyosis (as serious health condition);

   b) Plaintiff suffered from Carpel Tunnel Syndrome (a serious health condition);

   c) Plaintiff suffered from Fiber Myalgia (a serious health condition);

   d) Plaintiff suffered from depression (a serious health condition); and

   e) Plaintiff's daughter had serious health conditions (Epilepsy) requiring intermittent time off for episodes and medical treatment.[1]

14. Defendant pervasively commits FMLA errors and violations, and in turns violates employees' rights, such as Plaintiff. Specifically, Defendant: (a) has often failed to designate certain partial or whole days as FMLA when taken for FMLA-qualifying reasons; (b) failed to input FMLA information into its computer system; (c) misplaced documentation or information about and concerning FMLA; and (d) overall has historically very poorly administered FMLA of employees.

---

[1] There are a number of medical complications not specified fully in subparts (a) – (e) that also necessitated the aforesaid intermittent medical leave, but these examples were the primary categories of serious health conditions of Plaintiff and her child that in fact required long-term intermittent medical leave through her later years of employment with Defendant.

15. Plaintiff was in fact directly denied multiple promotions because of Defendants' consideration of her FMLA absences and poor administration of FMLA within its business.

16. Plaintiff applied for multiple job positions / promotions between August of 2015 and August of 2017.

17. The types of positions Plaintiff applied for included but were not limited to advanced or supervisory positions such as "DRU – Field Representative (carrying with them increased compensation, benefits and responsibilities).

18. Plaintiff was expressly denied said positions including her most recent early 2017 application (a denial that occurred in April of 2017) due to Defendant's consideration of her absences (which Defendant references as "occurrences"). Defendant's rationale for denying Plaintiff multiple positions including through early 2017, was memorialized verbatim as follows:

> Thank you for your interest in the above position with DRU.
>
> Unfortunately, you will not be considered for this position at this time. This decision is based on occurrence standards for permanent transfers and promotions as set by the Collective Bargaining Agreement. The current absence standard is 6 occurrences for 26 days (6/26) over a two (2) year period. You have nine (9) occurrences for eight (8) days of non-FMLA absences over two years.
>
> The occurrences include:
> 
> | Date | Type |
> |---|---|
> | 3/26/2015 | Absence – Sick |
> | 3/27/2015 | Absence – Sick |
> | 6/5/2015 | Absence – Sick |
> | 6/6/2015 | Absence – Sick |
> | 7/16/2015 | Absence – Sick |
> | 7/17/2015 | Absence – Sick |
> | 7/31/15 | Absence – Sick |
> | 8/17/2015 | Absence – Sick |
> | 9/30/2015 | Late |
> | 3/8/2016 | Late |
> | 8/4/2016 | Late |
> | 8/17/2016 | Late |

*See* 4/5/17 e-mail Promotion Denial Letter, attached hereto as "Exhibit A."

19. The bulk of Plaintiff's (partial or full) absences that Defendant *directly considered* in not promoting Plaintiff on multiple occasions *included FMLA-qualifying absences* between June of 2015 through August of 2015. Defendant's non-promotion of Plaintiff on each occasion is therefore *per se* unlawful.

20. Plaintiff directly communicated to her management and/or appropriate persons each time she needed to miss time for an FMLA-qualifying reason. By way of example, on July 31, 2015, Plaintiff sent an e-mail to Defendant's management stating: "I am leaving today 7/31/2015 FMLA for myself and am going straight to the hospital." *See* 7/31/15 e-mail from Plaintiff to Defendant's Management, attached hereto as "Exhibit B." As can be seen *supra*, Defendant still counted such time against Plaintiff in denying her promotions.

21. Plaintiff adamantly contested Defendant's inclusion of dates it counted against her that were both a medical accommodation (under anti-discrimination laws) and FMLA-qualifying.

22. After Plaintiff had made multiple complaints about Defendant's poor handling and administration of FMLA designations, Defendant claimed Plaintiff did not have an updated FMLA certification on file from between June and August of 2015. Defendant's attempt to manufacture a defense to Plaintiff's unlawful non-promotions fails for multiple reasons:

   (1) Plaintiff provided Defendant with *annual* certifications in June and September of 2014 to cover her for the entire upcoming year (through September of 2014);

   (2) Plaintiff continually utilized FMLA between June and August of 2015 each time notifying her management *without* any supervisor, human resources

personnel or any other administrative or management personnel telling Plaintiff she was not FMLA eligible; and

(3) Defendant did not contact Plaintiff for an FMLA recertification until September of 2015. It is not *an employee's* responsibility to provide FMLA certifications because he or she thinks an employer might want one on file because such certifications are not required under the FMLA for the exercise of FMLA rights. If an employer desires a "subsequent" certification, it "may" require the employee to obtain one and must direct he or she do so. 29 U.S.C. § 2613(e).[2] Indeed, employers often allow employees to regularly use FMLA all over the United States without an active FMLA certification on file (because certifications are not necessarily a prerequisite to taking FMLA, but rather, an employer's option to verify the legitimacy of the FMLA need *if* desired).

**Count I**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**- Against All Defendants -**

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in

---

[2] "The responsibility to request FMLA certification is the employer's." *Thorson v. Gemini, Inc.*, 205 F.3d 370, 381–82 (8th Cir. 2000). In *Thorson*, the Court affirmed the grant of summary judgment to the plaintiff where the plaintiff was advising of FMLA conditions via notes for days off but the employer failed to request an FMLA certification for such absences and counted such absences against the plaintiff for purposes of termination. *Id.* In fact, when an employer becomes aware of an employee seeking FMLA qualifying absenteeism, it only has "five business days" to present the employee with an FMLA certification *if it desires* medical support for the FMLA absences with written notices identifying timelines to have the certification executed. *See* 29 CFR 825.300. An employer cannot lay idly by and claim since an employee failed to affirmatively provide an FMLA certification (that is not even required and is entirely in the discretion of an employer) only to later claim that such absences were not protected under the FMLA. *See Wilson v. Lemington Home for the Aged*, 159 F. Supp. 2d 186, 193 (W.D. Pa. 2001)(granting summary judgment to the plaintiff-employee because employer failed to provide a written notice with a request for a certification to an employee but took an adverse action against him for allegedly not providing such a certification, as the FMLA regulations are eminently clear that an employer must present an employee with written expectations and a certification immediately upon notice of FMLA-qualifying absenteeism . . . further clarifying employers cannot rely on blanket employment policies or handbooks in lieu of individualized written notices).

full.

24. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

25. Plaintiff met all FMLA eligibility requirements from 2013 through 2017, and Plaintiff exercised her rights to use intermittent FMLA leave for herself and her child during this timeframe.

26. Defendant interfered with, restrained, and denied Plaintiff multiple promotions and/or better positions within Defendant from 2015 through 2017 specifically because of Plaintiff's FMLA usage.

27. Defendant: (a) failed to properly designate medical leave; (b) failed to properly give written individualized notifications to Plaintiff and other employees; (c) systematically poorly administers FMLA; and (d) denied Plaintiff job positions as aforesaid in retaliation for her exercise of FMLA rights and separately interfered with Plaintiff's rights under the FMLA by counting FMLA absenteeism while prejudicing Plaintiff by failing to fulfill its own notice obligations.

28. These actions as stated herein constitute both interference and retaliation violation of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered

retaliation/interference at the hands of Defendant until the date of verdict;

C.  Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.  Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: June 23, 2017

8

# Exhibit A

# Morrison, Shirley M

**From:** Morrison, Shirley M
**Sent:** Friday, April 07, 2017 10:44 AM
**To:** 'spaige524@gmail.com'
**Subject:** FW: DRU - Field Representative

---

**From:** Nelson, Renee Marie
**Sent:** Wednesday, April 05, 2017 12:54 PM
**To:** Morrison, Shirley M
**Cc:** Horsey, Brian K; Campbell, Ryan P.; Shuler Jr., George R
**Subject:** DRU - Field Representative

Good afternoon.

Thank you for your interest in the above position within DRU.

Unfortunately, you will not be considered for this position at this time.

This decision is based on absence occurrence standards for permanent transfers and promotions as set by the Collective Bargaining Agreement. The current absence standard is 6 occurrences for 26 days (6/26) over a two (2) year period. You have nine (9) occurrences for eight (8) days of non-FMLA absences over two years.

The occurrences include:

| Date | Type |
|---|---|
| 3/26/2015 | Absence - Sick |
| 3/27/2015 | Absence - Sick |
| 6/5/2015 | Absence - Sick |
| 6/6/2015 | Absence - Sick |
| 7/16/2015 | Absence - Sick |
| 7/17/2015 | Absence - Sick |
| 7/31/2015 | Absence - Sick |
| 8/17/2015 | Absence - Sick |
| 9/30/2015 | Late |
| 3/8/2016 | Late |
| 8/4/2016 | Late |
| 8/17/2016 | Late |

If you have any questions, please call me.



Renee M. Nelson | Manager of Labor Relations | Customer Affairs
Philadelphia Gas Works | 800 W. Montgomery Ave | Philadelphia, PA 19122

1

# Exhibit B

# Morrison, Shirley M

**From:** Morrison, Shirley M
**Sent:** Friday, April 07, 2017 10:52 AM
**To:** 'spaige524@gmail.com'
**Subject:** FW: fmla leaving

---

**From:** Morrison, Shirley M
**Sent:** Friday, January 22, 2016 2:57 PM
**To:** Horsey, Brian K
**Subject:** FW: fmla leaving

---

**From:** Morrison, Shirley M
**Sent:** Friday, July 31, 2015 8:11 AM
**To:** Jones, Taya; Roane, Don
**Subject:** fmla leaving

Hello,

I am leaving today 07/31/2015 FMLA for myself and am going straight to the hospital.

Thank you,

**Shirley Morrison**
Quality Assurance Senior
Philadelphia Gas Works
Ext. 4123
Shirley.Morrison@pgworks.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SHIRLEY MORRISON | : | CIVIL ACTION |
| v. | : | |
| PHILADELPHIA GAS WORKS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 6/23/2017 | [signature] | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6422 Argyle Street, Philadelphia, PA 19111

Address of Defendant: 800 W. Montgomery Avenue, Philadelphia, PA 19122

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
 (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
 (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/23/2017   _____Attorney-at-Law   ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/23/2017   _____Attorney-at-Law   ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MORRISON, SHIRLEY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
PHILADELPHIA GAS WORKS

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | LABOR | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | SOCIAL SECURITY | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Family & Medical Leave Act "FMLA" (29USC2601)

Brief description of cause:
Violations of the FMLA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/23/2017

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____